IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

JOSEPH RAMIREZ,

    Plaintiff,

v.                                                                  No. Civ. 13cv649 JCH/LAM

ULTIMATE CONCRETE, LLC,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

On May 1, 2014, Defendant Ultimate Concrete, LLC, filed a Motion to Exclude Plaintiff's Non-Retained Expert Witnesses (ECF No. 52). The Court, having considered the motion, briefs, evidence, relevant law, and otherwise being fully advised, concludes that Defendant's motion to exclude should be granted in part and denied in part. The Court agrees that Plaintiff's Rule 26(a)(2)(C) disclosures require more detail than that provided, but concludes that exclusion of Plaintiff's non-retained expert witnesses is not the appropriate remedy. Instead, the Court will order Plaintiff to file a second supplemental disclosure.

**I.     INTRODUCTION**

This case arises out of a bicycle accident that occurred on April 28, 2011. First Am. Compl. ¶ 8, ECF No. 62. According to the First Amended Complaint, Plaintiff Joseph Ramirez was riding his bicycle along a levy in Doña Ana County, New Mexico, when he fell six feet into a hole created by Defendant on its construction site. *See id.* ¶¶ 5, 8. Plaintiff alleges he suffered a separated collar bone and dislocated shoulder and is seeking damages as a result of Defendant's alleged negligence in failing to post warnings and to maintain the construction zone

in a safe condition. *See id.* ¶¶ 6-7, 16-19.

## II.     PROCEDURAL BACKGROUND

On February 28, 2014, Plaintiff filed his First Supplemental Rule 26(a) Disclosures. First Supp. Disclosure ("Disclosures"), ECF No. 64-3. In his Disclosures, Plaintiff lists six non-retained medical experts, providing their names, addresses, and telephone numbers. *See id.* at 9-10. Plaintiff asserts that the non-retained experts will "testify regarding the injuries sustained by the Plaintiff in the incident made the subject of this suit, their medical diagnoses, prognosis and the reasonable and necessary cost of hospital, doctor and medical bills for treatment of [his] injuries . . . ." *Id.* at 6. Plaintiff then sets forth the subject matter of the non-retained medical experts, including "the existence, nature and/or extent of the injuries sustained by Plaintiffs", "the examination and treatment of the injuries sustained by Plaintiffs"; "pre-existing injuries to and/or pre-existing medical conditions of Plaintiffs," and "the cause and/or causes of Plaintiffs' conditions, injuries." *Id.* at 6-7. Plaintiff also set forth the general substance of the impressions and opinions of his non-retained medical experts, including that Plaintiff's injuries are as severe as alleged, his medical care was reasonable and necessary, and the subject accident caused the injuries alleged. *See id.* at 7-8. Plaintiff explains in his "Brief Summary of Basis for Impressions and Opinions" that the bases for the identified expert witnesses' opinions are contained in all the medical records produced in the case, the depositions taken, and written reports or records produced in this case. *See id.* at 8.

On May 1, 2014, Defendant filed a motion to exclude Plaintiff's non-retained expert witnesses, arguing that Plaintiff's Disclosures do not meet the requirements for non-retained expert witnesses. Def.'s Mot. 4-5, ECF No. 52. Defendant contends that the Disclosures are too general and do not identify any specific medical record or exhibit. Plaintiff argues that his

Disclosures meet the requirements of Federal Rule of Civil Procedure 26(a)(2)(C), the disclosure rule for non-retained expert witnesses, which does not require a detailed written report, but rather the general subject matter of their testimony and a summary of the facts and opinions on which they are expected to testify.

### III.   ANALYSIS

According to Federal Rule of Civil Procedure 26, a party who intends to present expert testimony must disclose the identity of any such witness to all other parties. Fed. R. Civ. P. 26(a)(2)(A). If the expert witness is "retained or specifically employed to provide expert testimony in the case" a written report must be provided. Fed. R. Civ. P. 26(a)(2)(B). If, however, the expert witness is not required to provide a written report, the party calling the witness must produce a disclosure containing "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

Witnesses disclosed under Rule 26(a)(2)(C), in particular treating physicians, "may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705." Fed. R. Civ. P. 26 advisory committee notes, 2010 amendments. A treating physician is permitted to testify as to fact opinions, including causation of an injury to a patient and the prognosis of the condition, so long as the opinion was formed during the course of treatment of the patient. *See Farris v. Intel Corp.*, 493 F.Supp.2d 1174, 1180 (D.N.M. 2007). Such expert testimony is limited to the personal knowledge and observations obtained during the course of care of the plaintiff and cannot be based on information learned outside of the treatment. *Id.*

Defendant relies on the case of *Ordon v. Karpie*, 223 F.R.D. 33 (D. Conn. 2004), to

3

support its position that the summary for Plaintiff's treating physicians must include more detail to comply with Rule 26. The district court in *Ordon*, however, considered the plaintiff's experts to be giving opinions beyond that of treating physicians, and thus, required the detail necessary for a Rule 26(a)(2)(B) written report. *See id.* at 35-37. *Ordon* is therefore not relevant to determining whether the disclosure in this case complied with Rule 26(a)(2)(C).

As the Advisory Committee has cautioned, the Rule 26(a)(2)(C) disclosure "is considerably less extensive than the report required by Rule 26(a)(2)(B)." Fed. R. Civ. P. 26 advisory committee notes, 2010 amendments. "Courts must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have." *Id.* Nevertheless, the summary requirement under Rule 26(a)(2)(C) requires more than merely relying on the medical records of the treating physicians to satisfy this requirement. *See Smothers v. Solvay Chemicals, Inc.*, No. 11-CV-200-F, 2004 WL 3051210, at *5 (D. Wyo. July 3, 2014) (and cases cited therein).

In this case, Plaintiff identified the expert witnesses and gave a general description of the subject matter of their testimony. The summary, however, is so general that it really amounts to inviting Defendant to sift through the medical records to attempt to figure out what each expert may testify to. The summary does not indicate, for example, for which injury each treating physician provided treatment. Although the requisite treating physician summary is "considerably less extensive" and less detailed than a retained expert's report, the summary needs more detail than that provided here. *Cf. Kristenson ex rel. Kristensen v. Spotnitz*, No. 3:09-CV-00084, 2011 WL 5320686, at *2 (W.D. Va. June 3, 2011) (ruling that Rule 26(a)(2)(C) disclosure was adequate summary where letter indicated that treating doctor would testify that "the family members had various upper respiratory infections, that there was mold in the house,

that it has been shown that mold can cause irritation to the respiratory system, and that she believe[s] that the family's recent problems ... are related to [mold] contamination of their house") (internal quotations omitted).

Excluding Plaintiff's non-retained expert witnesses, however, is not the appropriate remedy. The Court will instead order Plaintiff within 14 days to provide a summary with a basic description of the facts and opinions to which each non-retained expert witness is expected to testify. Given the disclosure of the medical records and the general information provided in the Disclosures, Defendant will not suffer undue surprise or be prejudiced by the late disclosure of this more detailed summary. Notably, trial is more than two months away.

**IT IS THEREFORE ORDERED** that Defendant Ultimate Concrete, LLC's Motion to Exclude Plaintiff's Non-Retained Expert Witnesses (**ECF No. 52**) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. Defendant's request to exclude Plaintiff's non-retained expert witnesses is **DENIED**.

2. In accordance with Federal Rule of Civil Procedure 26(a)(2)(C), Plaintiff must submit **WITHIN 14 DAYS** of the filing of this Memorandum Opinion and Order an amended summary with a more detailed description of the facts and opinions to which each non-retained expert witness is expected to testify, as described herein.

                                                    _____
                                                  **UNITED STATES DISTRICT JUDGE**