IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

JOSEPH RAMIREZ,

    Plaintiff,

v.                                           No. Civ. 13cv649 JCH/LAM

ULTIMATE CONCRETE, LLC,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court sua sponte, following its review of the Notice of Removal filed by Defendant Ultimate Concrete, LLC, (ECF No. 1) and the First Amended Complaint (ECF No. 62) filed by Plaintiff.  The Court has a duty to determine whether subject matter jurisdiction exists *sua sponte*, if the parties fail to raise a question of lack of jurisdiction. *See Tuck v. United Services Automobile Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988).  The Court, having considered the Notice of Removal, Plaintiff's First Amended Complaint, the applicable law, and otherwise being fully advised, concludes that the Notice fails to allege the necessary facts of citizenship of all the parties to sustain diversity jurisdiction and will order Defendant Ulimate Concrete, LLC, to **file an amended notice of removal to establish its jurisdiction on or before Monday, April 20, 2015**, the date on which trial is scheduled to begin, if the necessary jurisdictional allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

**I.  BACKGROUND**

According to the First Amended Complaint, Plaintiff resides in Texas, and Defendant is

an entity that may be served in Texas. First Am. Compl. ¶¶ 1-2. The complaint and Notice of Removal generally allege that jurisdiction is based on complete diversity. *Id.* ¶ 3; Notice ¶ 13, ECF No. 1. The Notice of Removal, however, states that Ultimate Concrete, LLC, is a limited liability company formed in Delaware, with its headquarters and principal place of business in Michigan. Notice ¶¶ 5, 11, ECF No. 1. The Notice asserts that Jessie Guzman is the managing member of Ultimate Concrete and he resides in Michigan. *Id.* ¶ 6.

## II.     LEGAL STANDARD

The federal statute providing for the removal of cases from state to federal court was intended to restrict rather than enlarge removal rights. *Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir. 1957). Federal courts, therefore, are to strictly construe the removal statutes and to resolve all doubts against removal. *Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982). The removing party bears the burden of establishing the requirements for federal jurisdiction. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

## III.    ANALYSIS

Defendant asserts jurisdiction based on diversity of citizenship as provided for in 28 U.S.C. § 1332. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between — citizens of different States." 28 U.S.C. § 1332(a). When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court, *see* 28 U.S.C. § 1441(a), provided that no defendant "is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Jurisdiction under section 1332 requires diversity of citizenship. The party

asserting jurisdiction must plead citizenship distinctly and affirmatively.  *See Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for purposes of establishing diversity."); James Wm. Moore, Moore's Federal Practice § 102.31 (3d ed. 2006) (party asserting jurisdiction should allege that he or she is a citizen and carefully allege facts establishing each party's citizenship).

A corporation is deemed to be a citizen of the state in which it is incorporated and in which it maintains its principal place of business.  *See* 28 U.S.C. § 1332(c); *Universal Licensing*, 293 F.3d at 581-82 (plaintiff was incorporated in Korea, and thus, was citizen of Korea); *Jerguson v. Blue Dot Inv., Inc.*, 659 F.2d 31, 35 (5th Cir. 1981) (applying § 1332(c) to foreign corporations).  **Limited liability companies are treated as partnerships for citizenship purposes, and therefore, they are citizens of every state of which any member is a citizen**.  *Commonwealth Ins. Co. v. Titan Tire Corp.*, 398 F.3d 879, 881 n.1 (7th Cir. 2004); *GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004); *Handelsman v. Bedford Village Associates Ltd.*, 213 F.3d 48, 51-52 (2d Cir. 2000); *Hale v. MasterSoft Intern. Pty. Ltd.*, 93 F.Supp.2d 1108, 1112 (D. Colo. 2000).  *See also Penteco Corp. Ltd. Partnership-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521-23 (10th Cir. 1991) (plaintiff, a limited partnership, failed to plead sufficient facts to establish diversity jurisdiction where it failed to plead citizenship of each of its partners).

A notice of removal that fails to specify the necessary facts to establish diversity jurisdiction is defective.  *Hendrix v. New Amsterdam Casualty Co.*, 390 F.2d 299, 300 (10th Cir. 1968).  Technical defects, however, may be cured by amendment of the notice.  *See id.* at 300-02 (permitting amendment of notice of removal to allege principal place of business of defendant and citizenship, rather than mere residence, of plaintiff); *Buell v. Sears, Roebuck & Co.*, 321 F.2d

468, 471 (10th Cir. 1963) (permitting amendment after appeal to allege corporation's principal place of business).  *See also* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); *Whitelock*, 460 F.2d at 515 (permitting plaintiff 20 days to file verified amendment to complaint alleging, in addition to each party's residence, each party's citizenship at time of filing of original complaint).  As the Tenth Circuit explained in *Hendrix*, disallowing amendment in circumstances comparable to those in this case "would be too grudging with reference to the controlling statute [28 U.S.C. § 1653], too prone to equate imperfect allegations of jurisdiction with the total absence of jurisdictional foundations, and would tend unduly to exalt form over substance and legal flaw-picking over the orderly disposition of cases properly committed to federal courts."  390 F.2d at 301 (internal footnotes omitted).

This case has proceeded thus far without notice by any of the parties of jurisdictional problems.  It thus appears likely that the existence of diversity of citizenship can be established.  Consequently, the Court will give Defendant the opportunity to file an amended notice of removal to properly allege the citizenship of each of its members, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

**IT IS THEREFORE ORDERED** that **Defendant is must amend its Notice of Removal ON OR BEFORE MONDAY, APRIL 20, 2015**, **to properly allege diversity of citizenshi**p, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

_____
UNITED STATES DISTRICT JUDGE